Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletree.com
Elody C. Tignor
Nevada Bar No. 15663
elody.tignor@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Georgia-Pacific Gypsum LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KARL M. JORDAN, an individual;<br><br>                    Plaintiff,<br><br>        vs.<br><br>GEORGIA-PACIFIC GYPSUM LLC, a foreign limited-liability company; AND DOES 1-50, and ROE CORPORATIONS 51-100, inclusive,<br><br>                    Defendant. | Case No.:  2:22-CV-01732-JCM-EJY<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |

Defendant Georgia-Pacific Gypsum LLC ("Defendant"), and Plaintiff Karl M. Jordan ("Plaintiff") (collectively referred to as "Parties"), by and through their respective counsel of record, hereby request the Court enter the following Stipulated Protective Order Governing the Confidentiality of Information and Documents ("Stipulated Protective Order").  This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

Plaintiff is expected to request confidential, non-public information and documents from Defendant, including, but not limited to, sales reports, information that may contain customer information including customer names, addresses, and financial information, non-public business records, personnel files, and other information and documents regarding certain individuals,

including employees who are not, and are not expected to be, parties to this matter. Plaintiff may also request documents related to Defendant's business operations. Defendant considers this information and these documents to be private and confidential. In addition, Defendant may request confidential, non-public information and documents from Plaintiff and third-parties, including financial records, medical records, employment records, and other information and documents regarding certain individuals, who are not, and are not expected to be, individual parties to this action.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of Interrogatories and Requests to Admit, and the taking of oral and/or written depositions, during which the aforementioned proprietary, trade secret, financial, medical, confidential and/or private information and documents of the Parties will be exchanged and disclosed. To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect material entitled to be kept confidential, the Parties agree to limit the disclosure and use of proprietary, confidential, and private information and documents as stipulated, pursuant to this Stipulated Protective Order on the following terms:

## I.   **DEFINITIONS**

The following definitions shall apply to this Protective Order:

A.    This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

B.    "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any Party to this Action or any third parties.

C.    "Party" shall mean the Plaintiff and Defendant in this Action, and any other person that may become a named Party to this Action.

D.    "Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure as a public record or to non-parties, counsel, and expert witnesses. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Protective Order, no Party waives the right to

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. CHARLESTON BLVD.
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

challenge any other Party's designation of any information or document as Confidential.

E.    "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential".

F.    When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

## II.    DESIGNATION OF INFORMATION AND DOCUMENTS

A.    When any document, deposition testimony, or things produced under this Protective Order are designated as Confidential Information, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation.

B.    Some documents being produced by both Plaintiff and Defendant may contain social security numbers. Without need of any designation, social security numbers will be deemed to be Confidential.  In the event a document is produced without the redaction of a social security number, any Party seeking to use the document will make every effort to redact the social security number before its use in a deposition, court proceeding or court filing.

C.    The initial failure to designate information or documents as Confidential in accordance with this Stipulated Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential.  The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate.  The Producing Party will reproduce any such documents with the Confidential Designation and will advise the non-producing party to destroy previously produced documents if they were inadvertently not marked confidential so as not to require an unnecessary burden on the non-producing party.

## III.    LIMITATIONS

A.    This Stipulated Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action and used in the prosecution and defense of this Action.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

B.      Persons obtaining access to Confidential information under this Stipulated Protective Order shall use the information only for the preparation of and the trial in this Action, including motion practice as permitted by the Court.  Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

C.      Nothing contained in this Stipulated Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Stipulated Protective Order shall authorize any use of documents or information which is otherwise impermissible.

## IV.    PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an Order similar to this Stipulated Protective Order and/or to:  (a) the Parties in the Action, including their agents, officers, directors, staff, support personnel and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in the Action; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Action or their counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Action; (f) people who have previously received or created the document; and (g) witnesses in the Action who need to review this material in connection with their testimony in the Action.  Confidential information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Stipulated Protective Order and agrees to be bound by the terms of this Stipulated Protective Order in the form attached hereto as **Exhibit A**.  In the event an authorized person does not execute **Exhibit A** expressly agreeing to be bound by this

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

Stipulated Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

**V.      DECLASSIFICATION**

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential shall be treated as such under this Stipulated Protective Order.  In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A.      At any time, the receiving Party of any document or information designated as Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction.  The Parties shall attempt to resolve such challenges informally.  In the event that such attempts are not successful, the receiving Party may file a motion seeking to remove the designation as Confidential and the Court shall make an independent determination as to whether or not any given document or information is Confidential and/or properly redacted based upon facts then existing and, in so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be deemed Confidential unless and until the Court rules otherwise.  The Party or entity making the designation must show that there is good cause for the document or information to have such protection.

B.      In the event that any Party files a motion to uphold a designation or redaction of information, the document or information shall be submitted to the Court for *in camera* inspection.

**VI.     DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS**

A.      In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, deemed to be Confidential, may be made by a statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this Stipulated Protective Order.

/ / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.868.8900

5

B. A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Stipulated Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII.   DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

In the event that any Confidential document or information, or information derived therefrom, is included with or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court including, without limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal subject to the provisions of LR IA 10-5. Alternatively, the parties may meet and confer in advance of the motion to discuss whether and to what extent the Confidential document or information may be used, e.g., by redacting information not relevant to the motion or argument, so as to avoid the burden of filing the motion under seal. The parties agree to cooperate in good faith to reach a reasonable compromise with respect to the use of Confidential documents and/or information in law and motion practice.

## VIII.   DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action. The designating Party shall initiate a meet and confer conference in advance of any hearing or trial that will provide the Parties a reasonable amount of time to meet and confer in advance of a hearing and/or trial as to how the information or documents will be used including, by way of example, requesting that the Court designate that portion of the transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties' at their request. If the Parties cannot agree about how the information or documents will be used during a hearing, before or at the time of the hearing, the

Party designating such Confidential status may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  If such a motion is made regarding evidence to be introduced at the time of trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

## IX.  SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall give written notice thereof in no less than five calendar days to any Party which has designated such information Confidential.  After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any Order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an Order issued by a judge of a court of competent jurisdiction requiring such production.

## X.  CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

## XI.  COPIES OF DESIGNATED INFORMATION

The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of

Confidential information.  Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal.  All copies of any Confidential information or documents shall be treated as provided in this Stipulated Protective Order.

**XII.   NO WAIVER**

      A.    No Confidential information or documents shall lose such status under this Stipulated Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.

      B.    Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order.  The use of Confidential information and documents as evidence at trial shall be subject to this Stipulated Protective Order unless otherwise agreed to by the Parties or modified by the Court.

      C.    The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

      D.    The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

**XIII.  NON-TERMINATION**

      The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Stipulated Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise.  Upon the final disposition of the Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential.  Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

1  Confidential information or documents in any subsequent lawsuit.

2  **XIV.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS**

3      A.      The inadvertent production of information that is subject to a claim of any privilege

4  or other protection as trial-preparation material shall not constitute a waiver of any privilege or

5  protection, provided that – consistent with the provisions of Fed. R. Civ. P. 26(b)(5) – the Producing

6  Party notifies the receiving Party in writing of the inadvertent production as soon as practicable

7  following the Producing Party's discovery of the inadvertent production.

8      B.      Following the Producing Party's written notice of the inadvertent production, the

9  receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified

10 information and shall make reasonable efforts to retrieve the information if the receiving Party

11 previously provided the information to third parties.

12     C.      The receiving Party shall not assert a claim or argument in this or any other court or

13 legal proceeding that the Producing Party's act of inadvertently producing the information

14 constituted a waiver of the Producing Party's privilege or other protection over the information.

15     D.      If there is a disagreement as to whether the specified information is privileged or

16 subject to protection, the receiving Party may present the information under seal to the Court for a

17 determination.

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.350.6900

E.     Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

IT IS SO STIPULATED.

DATED this 22nd day of February, 2023.

WATKINS & LETOFSKY, LLP

/s/ *Melinda M. Weaver*

Daniel R. Watkins, Esq.
Nevada Bar No. 11881
Melinda M. Weaver
Nevada Bar No. 11481
8935 S. Pecos Rd.,
Ste 22A
Henderson, NV 89074

*Attorney for Plaintiff*

DATED this 22nd day of February, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Elody C. Tignor*

Anthony L. Martin
Nevada Bar No. 8177
Elody C. Tignor
Nevada Bar No. 15663
10801 W. Charleston Blvd.,
Suite 500
Las Vegas, NV  89135

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED:  February 22, 2023

10

**EXHIBIT A**

**UNDERSTANDING AND AGREEMENT REGARDING
CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in *Karl M. Jordan vs. Georgia-Pacific Gypsum LLC*, Case No. 2:22-CV-01732-JCM-EJY, which case is currently pending in the United States District Court for the District of Nevada (the "Court").  I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed Name

_____
Dated

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

54948779.v1-OGLETREE