UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL M. JORDAN,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>GEORGIA-PACIFIC GYPSUM LLC,<br><br>　　　　　　　Defendant(s). | Case No.2:22-CV-1732  JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Georgia-Pacific Gypsum LLC's motion for reconsideration. (ECF No. 28). Plaintiff Karl Jordan filed a response (ECF No. 29), to which defendant replied. (ECF No. 32). For the reasons stated below, the court grants defendant's motion.

**I.      Background**

This action arises out of alleged employment discrimination practices. Plaintiff worked for defendant as a production supervisor until his termination on July 15, 2021. (*See* ECF No. 23). In relevant part, plaintiff alleges that he was subject to a hostile work environment after a crewmember made racially charged comments about the January 6 attack on the Capitol. (*See* ECF No. 1). Plaintiff's complaint alleged three causes of action: (1) discrimination, (2) hostile work environment, and (3) retaliation. (*Id*.).

Defendant moved for summary judgment. (ECF No. 23). This court granted in part and denied in part defendant's motion, dismissing the discrimination and retaliation claim. (ECF No. 27). However, it found that there remained a genuine issue of material fact as to the hostile work

environment claim. (*Id*.).[1] Defendant now moves for this court to reconsider its order finding that plaintiff's hostile work environment claim survived summary judgment. (ECF No. 28).

## II.   Legal Standard

Fed. R. Civ. P. 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## III.   Discussion

Having reconsidered its previous order, the court finds that plaintiff's hostile work environment claim cannot survive summary judgment. To establish a claim for hostile work environment under Title VII, a plaintiff must show that: (1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcomed, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003).

Defendant's motion to reconsider argues that plaintiff failed to establish a prima facie case for a hostile work environment. (ECF No. 28 at 5). Specifically, defendant contends that the alleged racially motivated comments were not sufficiently severe or pervasive and did not alter the terms of plaintiff's employment. (*Id*. at 2). Plaintiff opposes, arguing that defendant fails to meet its burden under Fed. R. Civ. P. 60 and reiterates the same arguments made in its motion for

---

[1] The court clarifies that its order (ECF No. 27) erroneously dismissed plaintiff's cause of action for hostile work environment.

summary judgment. (ECF No. 29 at 2).

"[A]ll the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance'" inform whether an environment is sufficiently hostile. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) (internal quotation marks and citation omitted).

The court finds that defendant met its burden of demonstrating that plaintiff failed to make a showing sufficient to establish a hostile work environment claim. *See Celotex*, 477 U.S. at 324. Plaintiff, as the non-moving party, then failed to produce competent evidence that shows a genuine issue for trial. *Id.* at 324.

Here, no reasonable jury could conclude that the "all lives matter" comments made over a five-month period are severe or pervasive. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 643 (9th Cir. 2003); *see also Caldwell v. Washington,* 278 Fed. Appx. 773, 775 (9th Cir. 2008). The comments were made during isolated incidents, occurring over five months, and plaintiff has failed to present evidence or even allege that these comments were "extremely serious." *See Reynaga*, 847 F.3d at 687.

Plaintiff also failed to present evidence or allege that the comments themselves altered the conditions of his work environment. Therefore, plaintiff's hostile work environment claim cannot survive summary judgment.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to reconsider (ECF No. 28) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this court's order granting in part and denying in part defendant's motion for summary judgment (ECF No. 27) be, and the same hereby is, VACATED.

1    IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No.
2 23) be, and the same hereby is, GRANTED.
3    Because no claims remain, the clerk of court is INSTRUCTED to enter judgment in favor
4 of defendant and close this case.

6    DATED January 27, 2025.

_____
UNITED STATES DISTRICT JUDGE